UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL PALMER,

    Plaintiff,

vs.

CITY OF RIVER ROUGE, RIVER
ROUGE POLICE DEPARTMENT,
DEBORAH PRICE, and DASUME
MITCHELL,

    Defendants.
_____/

Case No. 18-11519

HON. AVERN COHN

**<u>ORDER GRANTING DEFENDANT CITY OF RIVER ROUGE AND RIVER ROUGE
POLICE DEPARTMENT'S MOTION TO DISMISS (Doc. 16)
AND
DISMISSING DEFENDANT DASUME MITCHELL FOR FAILURE TO PROSECUTE
AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
(Doc. 9)
AND
DISMISSING THE CASE</u>**

**I.**

This is a civil rights case. Plaintiff is proceeding pro se and without payment of the filing fee. Plaintiff has sued the City of River Rouge, the River Rouge Police Department, Deborah Price, the chief of police for River Rouge,[1] and Dasume Mitchell, a River Rouge police officer. He seeks damages for alleged misconduct.

Before the Court is the City of River Rouge and the River Rouge Police

---

[1] Deborah Price passed away during the pendency of the case. <u>See</u> Doc. 14 (Notice of Death of Defendant, Deborah Price). As such, the claims against her are DISMISSED.

Department's motion to dismiss and plaintiff's motion for the appointment of counsel. For the reasons that follow, defendants' motion will be granted. Further, because plaintiff has taken no substantial steps to prosecute the case against officer Mitchell, he will be dismissed for failure to prosecute. Plaintiff's motion for the appointment of counsel will be denied as moot.

## II.

The City of River Rouge and the River Rouge Police Department filed a motion to dismiss on the grounds that (1) the complaint has not plead sufficient facts to establish that the city is liable and (2) the police department is not an entity capable of being sued. (Doc.16).

Plaintiff did not file a response to the motion or otherwise take any action in the case. The Court issued an order to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. 18)

In response to the show cause, plaintiff filed a paper in which he states, among other things, that he is disabled, suffers from memory loss, psychiatric disabilities, and cannot respond to the legal arguments in the motion to dismiss. He also filed a motion to appoint counsel.[2]

## III.

Defendants' motion is well-taken and is GRANTED. As explained in the motion, the River Rouge Police Department not an entity capable being sued. See Boykin v. Van Buren Twp., 479 F.3d 444 (6th Cir. 2007). Moreover, the complaint fails to state a

---

[2]Plaintiff filed a prior motion for the appointment of counsel, which the Court denied without prejudice. (Doc. 10).

plausible claim against the City of River Rouge because it does not state any facts to support a failure to train claim or allege any unconstitutional policy or custom which would subject the city to liability.  See Bickerstaff v. Lucarelli, 830 F.3d 388, 402 (6th Cir. 2016).  See also Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 500 U.S. 544 (2007).

As to officer Mitchell, plaintiff has not taken any substantial steps to prosecute his case against him.  As such, he is DISMISSED.  See E.D. Mich. LR 41.2.

In light of granting defendants' motion to dismiss and dismissing the remaining defendant (Mitchell), plaintiff's request for the appointment of counsel is DENIED AS MOOT.

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/8/2019
Detroit, Michigan

3